# IN THE COURT OF APPEALS OF IOWA

No. 17-0715
Filed February 21, 2018

**GERALD CHRISTOPHER SCHMITT,**
     Plaintiff-Appellee,

**vs.**

**CHANTELL MARIE GRIMM,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Joel D. Yates, Judge.

A mother appeals the district court's decision placing the parties' child in the father's physical care. **AFFIRMED.**

Cynthia D. Hucks of Box & Box Attorneys, Ottumwa, for appellant.

Edward M. Conrad of Iowa Legal Aid, Ottumwa, for appellee.

Considered by Vogel, P.J., Potterfield, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VOGEL, Presiding Judge.**

Chantell Grimm appeals the district court's decision placing the parties' child, born in 2011, in Gerald Schmitt's physical care. Chantell asserts Gerald's life is too unstable, he tries to undermine her relationship with the child, and he lacks credibility. She claims she can provide the child a more stable life and would provide a more nurturing, healthy, and wholesome environment. Gerald defends the district court's decision to place the child in his physical care.

In deciding which placement would be in the child's best interest, the district court noted, "This case takes place at the intersection of: mistrust, misunderstanding, miscommunication, and misbehaviors." Both parents have had significant challenges with controlled substances and sporadic employment, and the parties' relationship has been tumultuous. The child was placed in Gerald's physical care during the pendency of the proceeding, and the district court determined the child was doing well in that placement through the testimony of the child's teacher, which the district court considered "critical to the court when trying to figure out [the child's] long-term best interests." The court noted the teacher described the child as "loving, caring, bubbly, social, a good friend, and a happy child." The teacher also stated the child has been clean and presentable and has tested well academically. The court found Gerald more credible than Chantell, and "[w]ith some hesitancy and some reluctanc[e]," placed the child with Gerald because he had demonstrated "a stronger commitment to [the child's] best interests, a greater stability in his routine and employment, and continuity in the care for [the child]."

Upon our de novo review of the record, *see Ruden v. Peach*, 904 N.W.2d 410, 412 (Iowa Ct. App. 2017), we affirm the district court's decision pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**